1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GLEN MATTHEW TRACCHIA,

11          Plaintiff,                    No. CIV S-06-2916 GEB KJM P

12      vs.

13   JAMES TILTON, et al.,

14          Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  Plaintiff alleges that because he is a life term inmate without a parole date, he

18   is not able to participate in the family visiting program, even though he is housed in a low

19   security open dorm facility; he claims this violates his right to equal protection of the laws.

20   Defendants have filed a motion to dismiss for failure to state a claim.

21   I.  Standards For A Motion For Dismiss

22          In considering a motion to dismiss, the court must accept as true the allegations of

23   the complaint in question, Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) and

24   construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S.

25   232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must

26   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

1

1  factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>

2  <u>Corp. v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).  However, "[s]pecific facts are

3  not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .

4  claim is and the grounds upon which it rests."'"  <u>Erickson</u>, 127 S.Ct. at 2200.

5  II.  <u>Analysis</u>

6          California prison regulations permit some inmates to have extended, semi-private

7  (called family or overnight) visits with immediate family members, but provide that "family

8  visiting is a privilege."  15 Cal. Code Regs. § 3177(b).  The regulation also provides that family

9  visits are to be provided to eligible inmates commensurate with institutional security and that

10  certain classes of inmates, including prisoners serving life terms who have not been given parole

11  dates, are not eligible for family visits.  15 Cal. Code Regs. § 3177(b)(2).

12          In his complaint, plaintiff alleges that he is treated the same as other Level II,

13  Medium A Custody inmates in matters of housing, job assignment and privilege group, and

14  differently only with regard to family visiting.  Complaint (Compl.) at 4-5.[1]  Defendants argue

15  plaintiff is not similarly situated to other Level II inmates because he does not have a parole date

16  and that the policy is rationally related to institutional security.  Motion To Dismiss (MTD) at

17  5-7.

18      A.  <u>Similarly Situated</u>

19          The first step in an equal protection analysis is to determine whether groups of

20  similarly situated people are treated differently.  In <u>Freeman v. City of Santa Ana</u>, the Ninth

21  Circuit explained:

22          The goal of identifying a similarly situated class . . . is to isolate the
            factor allegedly subject to impermissible discrimination.  The
23          similarly situated group is the control group.

24  68 F.3d 1180, 1187 (9th Cir. 1995) (internal quotation & citation omitted).  In this case, plaintiff

25  _____

26      [1] Citations to the complaint are to the narrative complaint attached to the form complaint.

1  alleges he is the same in all respects to other Level II, Medium A Custody who have been granted

2  family visiting privileges except that he does not have a parole date.  For purposes of this motion

3  to dismiss, plaintiff has adequately isolated the factor that he says subjects him to treatment

4  different from those who are like him in all other respects.

5      B. Rational Basis

6          Plaintiff concedes that he does not have a constitutional right to family visiting.

7  Compl. at 2.  Nevertheless, in the face of an equal protection challenge, "[t]here must be a

8  rational basis for distinctions by prison officials in the application of visitation policies to

9  similarly situated inmates."  Africa v. Vaughan, 998 F.Supp. 552, 554 (E.D. Pa. 1998).  Relying

10  on Pro-Family Advocates v. Gomez, 46 Cal.App.4th 1674, 1684 (1st Dist. 1996) and Block v.

11  Rutherford, 468 U.S. 576 (1984), defendants argue that the restrictions on family visits for

12  inmates serving life sentences who do not have parole dates are justified by considerations of

13  institutional security and bear a rational relationship to those concerns.  Block, by which this

14  court is bound, resolved a dispute about visitation policies applicable to pretrial detainees in

15  force at the Los Angeles County Jail.

16          At this stage of the proceeding, in light of the applicable law, the court cannot say

17  plaintiff will be unable to demonstrate that the connection between the California policy he

18  challenges and his classification is too tenuous to be rational.  He alleges that inmates at his

19  security level or higher receive family visits even if they have a conviction for escape or are

20  subject to I.N.S. holds.  Compl. at 8.  While the court expresses no view on plaintiff's ultimate

21  success at the summary judgment stage or at trial, at this stage plaintiff has sufficiently pled an

22  equal protection claim.

23          IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (doc. 10)

24  be denied.

25  /////

26  /////

1           These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within ten days after service of the objections.  The parties are advised

7   that failure to file objections within the specified time may waive the right to appeal the District

8   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED:   February 27, 2008.

                                      _____

                                      U.S. MAGISTRATE JUDGE