IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN MATTHEW TRACCHIA,

               Plaintiff,                   No. CIV S-06-2916 GEB KJM P

     vs.

JAMES TILTON, et al.,

               Defendants.               <u>ORDER</u>

_____/

          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983 challenging restrictions on the family visiting program for inmates.   He has filed a motion to compel discovery and a motion to continue the proceedings on defendants' motion for summary judgment; defendants have filed a motion for a protective order.

I. <u>Plaintiff's Motion To Compel Discovery</u>

          On September 18, 2008, plaintiff filed a motion to compel the defendants to answer interrogatories.  Defendants opposed on the ground that the motion was premature and that responses would be provided in a timely manner.

/////

/////

/////

1   According to the court's discovery order, responses to discovery were due forty-

2   five days after the request was served.  Docket No. 17 ¶ 2.  According to defendants plaintiff's

3   discovery requests were served on June 25, 2008; plaintiff does not dispute as much.  Defendants

4   secured two extensions of time to respond, with the ultimate due date extended until September

5   24, 2008.  Docket Nos.  24 & 28.  Accordingly, the motion to compel was premature.

6   Plaintiff filed two other documents on the same date as his motion to compel.

7   Each is denominated a "reply" to defendant Clark's and Tilton's objections to the interrogatories.

8   Each argues that the defendants' objections are in "bad faith" and designed "to delay the process

9   of this lawsuit."  Plaintiff asks the court direct the defendants "to answer the interrogatories

10  presented to them, as the information is undoubtedly known by the California Department of

11  Corrections and Rehabilitation and is accessable [sic]."  Docket Nos. 29 & 30 at 2.  Defendants

12  have not responded to these documents.

13  Under Local Rule 33-250(c), interrogatories should not be filed "until there is a

14  proceeding in which the interrogatories . . . [are] at issue.  When required in a proceeding, only

15  that part of the set of interrogatories and answers that is in issue shall be filed."  Plaintiff has not

16  filed those portions of his interrogatories or the answers he contends are inadequate and so has

17  not complied with the rules.  Because he has not done so, the court cannot evaluate the merits of

18  his claim that the responses were inadequate.

19  II.  Defendants' Motions For A Protective Order

20  Plaintiff has served identical requests for admissions on the defendants,

21  containing 276 requests.  Request 1 through 55, 65 through 118,  206 through 247, 249, 251

22  through 262 and 276 ask defendants to admit certain things based on an interpretation of

23  provisions of Title 15 of the California Code of Regulations.  Additional entries seek responses

24  /////

25  /////

26  /////

2

1  about the Departmental Operations Manual: requests 132 through 190 and 192 through 201.

2  Typical requests of this type read:

3           Per CCR Title 15 Div. 3 § 3177, Inmates who have been found
             guilty of a serious rule violation report consisting of use of a non-
4            inmate hostage occuring [sic] more than 14 months prior, is not
             housed in administrative segregation or the security housing unit,
5            is not designated "C" status, and has a custody designation level of
             medium or below shall not be restricted from participating in the
6            family visiting program based on such a guilty finding alone.

7            Per the CDCR D.O.M. § 54020.33.16, Inmates participating in the
             family visiting program shall be required to purchase all food for
8            the visitor and themselves with funds from their trust account.

9  Motion For A Protective Order (Docket No. 36), Ex. A ¶¶ 30, 171.

10          Requests 56 through 58 ask the defendants to admit certain things about

11  plaintiff's commitment offense and in-prison record.  In requests 60 and 61, plaintiff asks

12  defendants to admit that a lower custody designation indicates lesser security control needs while

13  a higher designation indicates greater security needs.

14          In requests 62 through 64, plaintiff poses hypothetical questions about the chance

15  that an eighteen year old inmate with a specified sentence will be paroled.

16          Requests 119 through 131 ask about the gun cover in various security level

17  facilities and in the family visiting unit, the placement of family visiting units.

18          In requests 191 and 202 through 205, plaintiff asks defendants to admit facts

19  about the family visiting unit.

20          In requests 248 and 250, plaintiff asks the defendants to admit that an inmate

21  receives placement score points when found guilty of a serious rules violation and receives a

22  reduction of that score for periods of disciplinary-free behavior.

23          In requests 263 through 269 and 271 through 275 plaintiff asks defendants to

24  admit facts about his current housing and custody level and about inmates housed in open

25  dormitory settings.

26  /////

3

1    Defendants have filed a motion for a protective order,[1] arguing that the requests

2  described above are improper, burdensome and irrelevant.  Plaintiff counters that the information

3  sought is necessary to his showing that the policy preventing life term inmates without parole

4  dates from participating in the family visiting program is not rationally related to legitimate

5  penological needs.

6    Although requests for admission under Federal Rule of Civil Procedure 36 are

7  governed by the same relevance standards set forth in Federal Rule of Civil Procedure 26(b),

8  such requests are not, strictly speaking, discovery devices.  Workman v. Chinchinian, 807

9  F.Supp. 634, 647 (E.D. Wash. 1992) (Rule 26 relevance standards apply); Misco, Inc. v. United

10 States Steel Corporation, 784 F.2d 198, 205 (6th Cir. 1986) (not a discovery device).  Requests

11 for admission are designed to limit factual issues in the case.  Henry v. Champlain Enterprises,

12 Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003).   Although the rule permits a party to ask another party

13 to admit the truth of "the application of law to facts," requests for admission should not be used

14 to "demand that the other party admit the truth of a legal conclusion," Disability Rights Council

15 v. Wash. Metro. Area, 234 F.R.D. 1, 3 (D.C. Cir. 2006); Fed. R. Civ. P. 36(a)(1).  A request calls

16 for a legal conclusion when it asks a party to admit what is required or permitted by particular

17 regulations.  Miller v. Holzman, 240 F.R.D. 1, 5 (D. D.C. 2006).  A party may move for a

18 protective order for protection from "annoyance, embarrassment, oppression, or undue burden.

19 . . ."  Fed. R. Civ. P. 26(c)(1).

20    Plaintiff's requests that incorporate a provision of the DOM or the California

21 Administrative Code call for a legal conclusion, for they ask defendants to admit what the

22 regulations or the provisions of the operations manual permit or require.  These requests are

23 improper as discovery requests.

24 /////

25 ───────────────────────

26    [1] Defendants have filed two such motions; the first was not supported by the requests
   themselves.

1    Although plaintiff's other requests do not call for legal conclusions, they are not

2  relevant.  It appears that plaintiff seeks through them to argue that the policy is not rationally

3  related to legitimate penological objectives when applied to him rather than to the class of lifer

4  inmates without parole dates.  Accordingly, the motion for a protective order is well taken.

5  III.  Plaintiff's Motion To Continue Proceedings On Summary Judgment

6    Plaintiff asks the court to continue the proceedings on summary judgment under

7  Rule 56(f) of the Federal Rules of Civil Procedure.  He bases this request on his outstanding

8  requests for admission, which also are the subject of this order.  Because the protective order is

9  appropriate, there are no grounds for plaintiff's request to defer a ruling on summary judgment.

10    IT IS THEREFORE ORDERED that:

11    1.  Plaintiff's motions to compel discovery (docket nos. 29, 30 & 31) are denied;

12    2.  Defendants' motions for a protective order (docket nos. 19 & 36) are granted

13  and defendants are relieved of their obligation to respond to requests for admission served June

14  25, 2008;

15    3.  Plaintiff's motion to continue proceedings on summary judgment (docket no.

16  35) is denied; and

17    4.  Plaintiff's opposition to defendants' motion for summary judgment is due

18  within thirty days of the date of this order; the optional reply is due fifteen days after the

19  opposition is filed.

20  DATED:  December 22, 2008.

21

22                                        _____

                                          U.S. MAGISTRATE JUDGE

23  2

24  trac2196.mtc

25

26